UNITED STATES COURT OF FEDERAL CLAIMS

Case No : 1:18 - cv - 01604 - LAS

CHAD HARGREAVES,

    Plaintiff,

    v

THE UNITED STATES,

    Defendant,

## OBJECTION

COMES NOW, Defendant Chad Hargreaves pursuant to Rule 46 of the Rules of the Court of Federal Claims ("RCFC") to state actions that show just cause for the reconsideration to the Order issued by this honorable court.

November 21 2018, it was determined that Plaintiff had filed three frivolous cases in Federal court.

Plaintiff has filed 4 actions by a granted forma pauperis, and were dismissed without prejudice for failure to State A Claim. See Hargreaves v Gregor 4:16 -cv- 224 HLM (N.D. Ga Aug 19 2016), Hargreaves v Smith 4:16cv-169 -HLM, Hargreaves v Tapley 4:16 - cv - 164 -HLM, Hargreaves v Page 4:16 -cv -190 - HLM, (2016)

The referred case Hargreaves v Georgia 18: cv - 8902 in the order was denied forma pauperis and dismissed without prejudice, and is presently in the

RECEIVED - USCFC

DEC 2 6 2018

U.S. court of Appeals in New York. N.Y. <u>See Hargreaves v State of Georgia case no: 18-3360</u>

Plaintiff was not sighted for frivolous or malicious claims.

<u>Pursuant to 28 U.S.C. § 1915 (g)</u> no indigent individual shall be allowed forma pauperis upon 3 strikes <u>UNLESS</u> they are in imminent danger. Plaintiff sighted in his original civil complaint that he has been violated of his liberty and procedural due process by the State of Ga. Plaintiff sighted these erroneous errors to the U.S. Justice Department only to be ignored.

Therefore Plaintiff is currently being held in Georgia Department of Corrections without sufficient legal contract to do so, and violates Plaintiff's <u>Thirteenth Amendment</u> Rights:

'Neither slavery nor involuntary servitude, <u>except as a punishment for crime whereof the party shall have been duly convicted,</u> shall exist within the United States, or any place subject to their jurisdiction.'

Plaintiff has never been legally convicted of any crime and therefore is currently being held as a slave.

The most elemental of the liberties protected by the Due Process Clause is the interest in being free from physical detention by ones own government <u>See: Hamdi v Rumsfield. 542. U.S. 507, 529 (2004); See also Foucha v Louisiana 504 U.S. 71. 80 (1992)</u>

'Congress shall have power to enforce this article by appropriate legislation'

Plaintiff contends that § 1915 (g) violates indigent prisoners' equal protection rights because it invidiously prevents only them, not non-indigent prisoners, from bringing a civil action or appealing a civil or criminal judgment solely for the reason that they have no assets and no means by which to pay the filing fees.

Although, unlike the Fourteenth Amendment, the Fifth does not contain an equal protection clause," it does forbid discrimination that is so unjustifiable as to be violative of due process." Schneider v Rusk. 377 U.S. 163, 168, 84. S.Ct. 1187, 1189, 12 L. Ed. 2d 218 (1964) (quoting Bolling v Sharpe) 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954). The standards for analyzing equal protection claims under either amendment are identical. See Weinberger v Wiesenfeld, 420 U.S. 636, 638 n.2, 95 S.Ct. 1225, 1228, 43 L. Ed. 2d 514 (1975)

It is by now well-established that the constitutional guarantee of equal protection does not forbid all classifications, but rather "keeps governmental decision-makers from treating differently persons who are in all relevant respects alike. Nordlinger v Hahn, 505 U.S. 1, 10, 112 S.Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992). Accordingly, when the filing fee requirements burden a fundamental right or draw distinctions based on a suspect classification, they do not rationally relate to a legitimate governmental

interest and, therefore are invalid. See, e.g., City of New Orleans v Dukes, 427. U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L. Ed. 2d 511 (1976). As discussed below, the filing fee provision of 1915 (g) unconstitutionally impinges on indigent inmates right to meaningful access to the courts or the right to petition the courts for redress.

Congress adopted the Prison Litigation Reform Act of 1995 (PLRA) with the principle purpose of deterring frivolous prisoner lawsuits and appeals. See, e.g., Leonard v. Lacy, 88 F. 3d 181, 185 (2d Cir 1996). Congress concluded that one means of achieving this result would be to require prisoners seeking IFP appellate status to prepay the entire filing fee that is normally imposed in a civil action or appeal if he falls within a specific class of inmates. The challenged provision of the Act, 28 U.S.C. § 1915 (g), states:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3
> or more occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

The challenged provision of the Act cannot pass the rational basis test. The problem of frivolous prisoner lawsuits has been well documented and cannot reasonably be a point of issue here. Plaintiff readily acknowledges the fact

that Federal courts spend an inordinate amount of time on prisoner lawsuits, only a very small percentage of which have merit. He likewise has little trouble in recognizing Congress' good-faith efforts of relieving the pressure of excessive prisoner filings on the overburdened Federal courts. However, the means chosen to achieve this objective are not so plainly rational. Prior to the enactment of the IFP amendments, inmates suffered no economic disincentive to filing lawsuits. Indeed, the very nature of incarceration sustains a "nothing to lose and everything to gain" environment and, in a startling amount of filings, a purely malicious "make it cost the State as much as possible to maintain incarceration" attitude and promotes indiscriminately filed suits at taxpayer expense. See Jones v Bales, 58 F.R.D. 453, 463-464 (N.D. Ga, 1972), aff'd, 480 F. 2d 805 (5th Cir, 1973). "As a result, the Federal courts have observed that prisoner litigation has assumed something of the nature of a 'recreational activity'" Gabel v Lunaugh 835 F. 2d 124, 125 n.1 (5th Cir 1988) (per curium).

In Forma pauperis status is a privilege, not a right, granted by the Federal courts. Camp v Oliver, 798 F. 2d 434 (11th Cir 1986). Section 1915 (g) provides the Federal courts a means by which to "punish" prisoners who qualify for indigent status but have previously brought actions or appeals that were dismissed on findings of frivolity, maliciousness, or failure to state a claim. It requires them to pay all filing fees in advance of being allowed review of their claims. If the prisoner is unable to pay or secure the costs, he is effectively denied said access.

While the provision may provide punishment for the prisoner's prior indiscretions or incompetence, whether justly earned or otherwise, there are no provisions that equally sanction non-indigent prisoners for their prior actions. Unlike indigent prisoners, non-indigent prisoners are required to prepay the filing fees because they cannot qualify for IFP privileges. They may continue to file their frivolous, malicious, or meritless actions and appeals with impunity because they do not rely on 28 U.S.C. § 1915 benefits. The challenged provision therefore has no teeth to deter them from pursuing their frivolous, malicious, or meritless actions or appeals. By making only indigent prisoners responsible for past actions, however good intentioned, § 1915 (g) is unquestionably invidiously discriminatory. In all relevant respects, indigent and non indigent prisoners are alike. Section 1915 (g) serves to treat (sanction) them differently.

Plaintiff further argues that § 1915 (g) unconstitutionally impinges on his right of access to the courts by stripping him of the "capability" of bringing a civil action or appeal. Prisoners enjoy a constitutional right of access to the courts. <u>Bounds v Smith, 430 U.S. 817, 821. 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977)</u> The challenged provision of the Act denies indigent prisoners such meaningful access. **Title 28 U.S.C. § 1915 (a)** provides that:

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or

security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense, or appeal and affiant's belief that he is entitled to redress. An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

An overriding theme of the in forma pauperis amendments is that in no event shall a prisoner unable to afford the filing fee be prevented from pursuing his claim. Section 1915 (a) is intended to guarantee "that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because his poverty makes it impossible for him to pay or secure the costs" of litigation. Adkins v E.I. Dupont de Nemours & Co., 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1943). While § 1915 (a) seeks to lower the economic barriers that impede access to the federal courts, § 1915 (g) effectively resurrects such barriers solely for indigent prisoners. In a series of cases beginning with Griffin v Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L Ed. 891 (1956), the Supreme Court has, in one circumstance or another, invalidated previous statutes or rules which required the payment of court filing or transcript fees despite the litigant's inability to pay. These decisions "struck down restrictions and required remedial measures to insure that inmate access to the courts is adequate, effective, and meaningful." Bounds, supra, 430 U.S., at 822, 97 S.Ct., at 1495.

See also, Burns v Ohio, 360 U.S. 252, 258, 79 S.Ct. 1164, 1168-1169, 3 L.Ed.2d 1209 (1959). There is no mistaking the principle that motivated Griffin:

"It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty .... [A]t all stages of the proceedings the Due Process and Equal Protection Clauses protect [indigent persons] from invidious discrimination ....

.... There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."

351 U.S., at 18-19, 76 S.Ct., at 591 (plurality opinion) (citation omitted).

There is no question as to the necessity of remedial measures in seeking to relieve the pressure of excessive prisoner filings on the overburdened federal courts. There is abundant legislative history to indicate that Congress was endeavoring to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees. While this remedial measure is certainly one means of reducing the filings of frivolous actions or appeals, it is clearly directed only at prisoners "seeking to file in forma pauperis," and serves the function of denying poor prisoners, even those with truly valid cases, access to the only source of redress. Congress could have chosen

to achieve the desired deterrent effect through a more rational and equally subjective provision to the PLRA. It would not have been unreasonable, for example, to authorize the courts to impose proportionate fines on prisoners who initiate actions or appeals that are determined by said courts to be frivolous or malicious and, as most State courts in Georgia now do, freeze the inmate's trust account until the entire fine is paid. In this manner, all prisoners are equally subject to sanctions for prior indiscretions. Plaintiff does not have the assets to pay or secure the cost of litigating the instant civil action complaint. For him to be required to pay the entire filing fee prior to allowing him to proceed, based upon the ground that § 1915 (g), therefore, would be invidiously discriminatory.

Accordingly, Plaintiff moves this court to invalidate and strike down the challenged provision as unconstitutional and allow him to proceed without prepayment of the filing fee.

Section 1915 (g) denies indigent prisoners the right to due process, in that it provides no procedural safeguards by which prisoners unable to pay docket retrieval fees are given substantive notice of the factual basis for denial of IFP status and, thereby, denies them the ability to adequately challenge said findings.

Wherefore, for all the foregoing reasons, Plaintiff objects to the Order and prays that this honorable Court will invalidate § 1915 (g) and strike the decision as unconstitutional, and Grant him leave to proceed without prepayment of the filing fees and, further set forth a hearing for judgment for the filed civil action.

Respectfully Submitted

/Chad Hargreaves

Re: Chad Hargreaves GDC# 1001536002

Washington State Prison

P.O. Box 206

Davisboro Ga. 31018

House # J1-237-T

Pursuant to 28 U.S.C.A. 1746, the Plaintiff hereby certifies, and deposes, and states under penalty of perjury that the foregoing facts set forth herein are both true and correct to the best of his knowledge

Signed this 8th day of December on the said year 2018.